UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 Case No. 09-CR-135

KELLY P. LACY,

        Defendant.

DECISION AND ORDER OVERRULING THE DEFENDANT'S OBJECTION (Doc. # 30); ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION (DOC. # 28); AND DENYING THE DEFENDANT'S MOTION TO DISMISS THE INDICTMENT (DOC. # 15)

The defendant, Kelly P. Lacy, is charged with possession of a firearm as an unlawful user of controlled substances (marijuana), in violation of 18 U.S.C. § 922(g)(3) and 924(a)(2). He filed a Motion to Dismiss the Indictment (Doc. # 15) on July 21, 2009, contending, among other things, that 18 U.S.C. § 922(g)(3) violates his rights under the Second Amendment and is unconstitutionally vague.[1] On September 21, 2009, Magistrate Judge Patricia J. Gorence issued a written Recommendation that this court deny Lacy's Motion to Dismiss the Indictment. Lacy timely objected to the Recommendation.

On dispositive issues and other matters enumerated in § 636(b)(1)(A) and Fed. R. Crim. P. 59, including motions to dismiss an indictment, a magistrate judge may only propose findings and make recommendations. § 636(b)(1)(A), (B); Fed. R. Crim. P. 59(b)(1). In these instances, a district court must review de novo the recommendations of the magistrate judge to which a party timely objects. 28 U.S.C. § 636(b)(1)(C); Fed. R.

---

[1] In his motion, Lacy raised additional arguments related to the rule of lenity, Eighth Amendment violations under *Robinson v. California*, 370 U.S. 667 (1962), and the Commerce Clause. (*See* Def.'s Mot. to Dismiss.) Judge Gorence addressed all of Lacy's arguments in her Recommendation. In his objections to the Recommendation, Lacy challenges only those aspects of the Recommendation concerning the Second Amendment and vagueness. This court has reviewed the Recommendation and finds no error with regard to the portions to which Lacy has not objected.

Crim. P. 59(b)(2), (3). However, portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Thus, the de novo standard of review applies only to matters on which a party objects to a magistrate judge's recommendation (rather than an order) on the issues set forth in § 636(b)(1)(A) and Fed. R. Crim. P. 59(b)(1).

Lacy asserts that 18 U.S.C. § 922(g)(3) violates his Second Amendment right to bear arms, pointing to the U.S. Supreme Court's recent decision in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008) for support. He acknowledges that while the Supreme Court declined to assign a specific level of scrutiny to such Second Amendment challenges, this court should apply a heightened level inquiring "whether § 922(g)(3) is a limited and narrowly tailored exception to the freedom to possess firearms." He argues that the statute fails this standard, pointing to the dissenting opinion in *United States v. Herrera*, 313 F.3d 882, 889 (5th Cir. 2002) (DeMoss, J., dissenting).

Judge Gorence rejected Lacy's argument, and this court concurs. As noted by Judge Gorence, pre-*Heller* challenges to § 922(g)(3)—on the same lines argued by Lacy—have been rejected. *See United States v. Patterson*, 431 F.3d 832, 836 (5th Cir. 2005) ("Prohibiting unlawful drug users from possessing firearms is not inconsistent with the right to bear arms guaranteed by the Second Amendment as construed in *Emerson* [270 F.3d 203 (5th Cir. 2001)], and *Everist* [368 F.3d 517 (5th Cir. 2004)]. Like the classes of criminals in *Emerson* [addressing § 922(g)(8)] and *Everist* [addressing § 922(g)(1)], unlawful users of controlled substances pose a risk to society if permitted to bear arms."); *see generally United States v. Price*, 328 F.3d 958, 961 (7th Cir. 2003) (rejecting constitutional challenge to 18 U.S.C. § 922(g)(1) and citing cases). And *Heller* recognizes expressly that "longstanding prohibitions on the possession of firearms" are permissible.

- 2 -
Case 2:09-cr-00135-CNC   Filed 11/06/09   Page 2 of 6   Document 32

Nothing in *Heller* indicates that § 922(g)(3) somehow falls outside the range of permissible limitations on the right to bear arms, and without more Lacy's objection on this point must fail. *See e.g., United States v. Richard,* No. 08-CR-6243, 2009 WL 3367632, *7 (10th Cir. Oct. 21, 2009) (unpublished) ("[T]he individual right to bear arms protected by the Second Amendment is subject to appropriate restrictions like those contained in 18 U.S.C. § 922(g)(3)."); *United States v. Carter*, No. 09-CR-55, 2009 WL 2160576, *4 (S.D. W. Va. July 13, 2009) ("The statute challenged in this case [18 U.S.C. § 922(g)(3)] is far less restrictive than the laws held unconstitutional in *Heller* and is consistent with the safety based exceptions recognized in that case."); *United States v. Prince*, No. 09-10008, 2009 WL 1875709, *2 (D. Kan. June 26, 2009) (rejecting constitutional challenge to § 922(g)(3), noting that *Heller* "did not and does not prohibit Congress from putting certain limitations on firearms, particularly when, as in this case, that firearm is involved in illegal activity"); *United States v. Yancey*, No. 08-CR-103, 2008 WL 4534201, *1 (W.D. Wis. Oct. 3, 2008) (rejecting constitutional challenge to § 922(g)(3), collecting cases, and noting that "[s]ince *Heller* was decided, no court has found the firearm restrictions in 18 U.S.C. § 922 to be unconstitutional, even under an individual rights interpretation of the Second Amendment"); *see generally United States v. Marzzarella*, 595 F. Supp. 2d 596, 598 (W.D. Pa. 2009) (collecting cases and noting that "it appears that every court which has considered a Second Amendment challenge to 18 U.S.C. § 922, post-*Heller*, has upheld the statute as constitutional"); *United States v. Robinson*, No. 07-CR-202, 2008 WL 2937742, *2 (E.D. Wis. July 23, 2008) (Adelman, J.) (rejecting post-*Heller* challenge to § 922(g)(1), noting that it appears "no court has, even under an individual rights interpretation of the Second Amendment, found 18 U.S.C. § 922(g) constitutionally suspect.").

Next, Lacy asserts that § 922(g)(3) is unconstitutionally vague as applied to his case. "A statute is unconstitutionally vague if it either (1) does not provide a person of ordinary intelligence a reasonable opportunity to know what is prohibited, or (2) fails to provide explicit standards to prevent arbitrary and discriminatory enforcement by those enforcing the statute." *United States v. Olofson*, 563 F.3d 652, 659-660 (7th Cir. 2009) (*citing United States v. Lim*, 444 F.3d 910, 915 (7th Cir. 2006)). "A vagueness challenge such as this one that does not implicate First Amendment freedoms is analyzed as applied to the specific facts of the case." *Id.*; *see also Lim*, 444 F.3d at 916 ("But the fact that Congress could have employed 'clearer and more precise language equally capable of achieving the end which it sought does not mean that the statute which it in fact drafted' was unconstitutionally vague." (*quoting United States v. Powell*, 423 U.S. 87, 93 (1975)).

According to Lacy, § 922(g)(3) "does not define unlawful user with sufficient definiteness such that an ordinary person, let alone Mr. Lacy, can understand that his conduct was prohibited." (Obj. at 7.) He further contends that "[h]is use of marijuana . . . does not on its own make him an unlawful user of marijuana for purposes of 922(g)(3)." (*Id.*) Rather, Lacy argues that the statute must identify, among other things, the a specific amount and type of controlled substance, as well as a specific time frame and potential side effects." Finally, he argues that it must also provide a "temporal nexus between the possession of the firearm and the controlled substance." (*Id.*)

However, as noted by Judge Gorence, testimony at the evidentiary hearing reveals that law enforcement officers seized a rifle from Lacy's closet and recovered more than twenty-one grams of marijuana from his home. Lacy admitted to law enforcement that he had smoked marijuana for years, and had smoked marijuana earlier on the day that the rifle was seized. Moreover, Lacy admitted that several months earlier, he sold a firearm

while high and drunk. With such evidence, an ordinary person would understand that Lacy's conduct violated the statute criminalizing firearm possession by a drug user. *See United States v. Edwards*, 540 F.3d 1156, 1162 (10th Cir. 2008) ("Given the ample evidence of Defendant's heavy, habitual drug use in the year during which he possessed the firearms at issue, we conclude that the statute was not unconstitutionally vague as applied to him."); *Patterson*, 431 F.3d at 836 ("As [18 U.S.C. § 922(g)(3)] applies to Patterson, it is not vague; an ordinary person would understand that Patterson's actions establish him as an unlawful user. He admitted that he regularly used marijuana and that he would have a difficult time complying with a release condition that required him not to use marijuana, and his urine specimen a week later tested positive for the drug."); *United States v. Jackson*, 280 F.3d 403, 406 (4th Cir. 2002) ("The officer testified that he smelled marijuana as he approached the car and that Jackson admitted to smoking marijuana twice a day for many years, including earlier that evening. Given the evidence, Jackson violated the plain meaning of the statute."); *United States v. Purdy*, 264 F.3d 809, 812 (9th Cir. 2001) (rejecting argument that § 922(g)(3) was void for vagueness where evidence indicated that the defendant "had used illegal drugs—cocaine, methamphetamine, and marijuana—on a regular basis for years, and that he had smoked methamphetamine and marijuana contemporaneously with his possession of a firearm.").

As to arbitrary and discriminatory enforcement, Lacy acknowledges that there is no authority supporting his claim that § 922(g)(3) is void under this prong. He simply maintains that § 922(g)(3) fails to provide any standard to govern law enforcement. This, however, is not enough to demonstrate § 922(g)(3) is of "such a standardless sweep as to allow policemen, prosecutors, and juries to pursue their personal predilections," *United States v. Berry*, 60 F.3d 288, 292 (7th Cir. 1995), and in any event the evidence presented

in this case provides no support for this position, *see id.* at 293.  Therefore, after due consideration of the defendant's motion to dismiss the indictment, the magistrate judge's Recommendation, and the defendant's objection thereto,

IT IS ORDERED that the defendant's objection to the magistrate judge's Recommendation (Doc. # 30) is overruled.

IT IS FURTHER ORDERED that the magistrate judge's Recommendation (Doc. # 28) is adopted.

IT IS FURTHER ORDERED that the defendant's Motion to Dismiss the Indictment (Doc. # 15) is denied.

Dated at Milwaukee, Wisconsin, this 6th day of November, 2009.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE